UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SUSAN SUAREZ,

                Plaintiff,

-against-

SERGIU MARCUS; MOUNT SINAI BETH ISRAEL; RETINA ASSOCIATES; LIABILITY INSURANCE FOR SERGIU MARCUS; LIABILITY BOND FOR SERGIU MARCUS; LIABILITY INSURANCE / RETINA ASSOCIATES; LIABILITY BOND FOR RETINA ASSOCIATES; LIABLITY INSURANCE FOR MOUNT SINAI BETH ISRAEL; LIABILITY BOND MOUNT SINAI BETH ISRAEL; PHARMACEUTICALS / INSULIN NEEDS / ARASTIN / SILICONE,

                Defendants.

1:20-CV-11051 (LLS)

ORDER OF DISMISSAL

---

LOUIS L. STANTON, United States District Judge:

    Plaintiff Susan Suarez, who appears *pro se*, brings this action invoking the Court's federal-question jurisdiction. She asserts claims under "Title XIX, 42 USC § 1396, 42 USC 1981, 1983, 1984, 51 US Code § 20137, Insurance Law § 102(d) R53-54, 35 US Code § 7316, 28 US Code 1428, US Code 9, Title 31 3279 through 3733, 18 US Code § 1347" (ECF 2, at 2), and she seeks damages. By order dated February 11, 2021, the court granted Plaintiff's application to proceed *in forma pauperis* ("IFP"). For the reasons set forth below, the Court dismisses this action.

**STANDARD OF REVIEW**

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.*

*Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff asserts the following in her complaint: On or about April 19, 2018, Plaintiff underwent surgery at Retina Associates, located in New York, New York. "Sergiu Marcus, [and his] agents, employers, affiliates and other members did not fully disclose the risks and life-threatening procedures that were involved in the surger[y]." (ECF 2, at 3.) Plaintiff "lost vision, [experiences] permanent pain and [she] will have silicone and the detrimental effects of it for the rest of [her] life." (*Id.*) She seeks $60 million in damages.

## DISCUSSION

**A.     Subject-matter jurisdiction**

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court's jurisdiction is available only when a "federal question" is presented, or if asserting state-law claims under the court's diversity jurisdiction, when the plaintiff and the defendants are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway*

*Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

  **1.** **Federal-question jurisdiction**

To invoke the Court's federal-question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (internal quotation marks omitted)). Mere invocation of federal-question jurisdiction, without any facts demonstrating a federal-law claim, does not create federal-question jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff invokes the Court's federal-question jurisdiction and asserts that the basis for that jurisdiction arises from the federal statutes that she cites in her complaint. (ECF 2, at 2.) But she alleges no facts that suggest that any of her claims fall under federal law. Thus, this Court lacks federal-question jurisdiction to consider Plaintiff's claims.

  **2.** **Diversity jurisdiction**

Although the complaint invokes the Court's federal-question jurisdiction, the allegations suggest that Plaintiff is asserting claims that arise under state law. Because the Court does not have federal-question jurisdiction, the Court can only adjudicate these claims if it has diversity jurisdiction.

To establish the Court's diversity jurisdiction, a plaintiff must first show that she and the defendants are citizens of different states. *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, an individual is a citizen of the State where she is domiciled, which is defined as the place where a person "has [her] true fixed home . . . and to which, whenever [s]he is absent, [s]he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* A corporation is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." § 1332(c)(1); *see also The Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters). And "a limited liability company . . . takes the citizenship of each of its members." *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

The Court lacks diversity jurisdiction to consider this action. Plaintiff has failed to show that the parties are diverse. Plaintiff states that she is a citizen of New York, New York. (ECF 2, at 1.) And while she does not reveal the state citizenships of all the defendants, it appears that she alleges that Defendants Marcus, Retina Associates, and Mount Sinai Beth Israel are also citizens of New York, New York. (*Id.* at 1-2.) Accordingly, the case is dismissed without prejudice for lack of federal jurisdiction.

**B.    The Court declines to grant leave to amend.**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

4

657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to file an amended complaint.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses this action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

SO ORDERED.

Dated:   February 12, 2021
         New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.